McCauley, J.
Counsel on both sides argue and submit this case on the facts found by the district court. The part of the facts upon which the liability of the defendants is supposed to turn, is, “ that the husband of said defendant in error was habitually intoxicated and that said sales of intoxicating liquors made by plaintiff in error, were with knowledge of this fact and contributed to keep up said habit.”
The 7th section of the act of May 1, 1854, as amended April 18th, 1870 (67 O. L., 102), provides, “that a wife * * * who shall be injured * * * in means of support * * * in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in *46 her own name, severally or jointly, against any person or persons, who shall by selling or giving intoxicating liquors, have caused the intoxication in whole or in part.”
The intoxication mentioned in the statute is “ habitual or otherwise,” so that, whoever by selling intoxicating liquors, causes habitual intoxication, does just what the statute provides shall make him liable. The statute further provides that the person injured shall have a right of action severally or jointly against the person or persons who by selling, have caused the intoxication, that is, the habitual intoxication, in whole or in part.
The facts found show that the husband of the plaintiff was habitually intoxicated, that the sales of intoxicating liquors to him, by the defendants, was with knowledge of this fact and contributed to keep up said habit. This is equivalent to saying that the defendants by the sales of liquors to the husband contributed to keep him in a condition of habitual intoxication.
All persons who so contribute are, under this statute, jointly and severally liable.
Counsel for plaintiffs in error urge that the question determined in Kirchner v. Myers, 35 Ohio St., 85, is decisive of this case.
The question in that case was, whether after the plaintiff had offered evidence tending to prove that for three years the defendants continuously sold to Myers intoxicating liquors, upon which he frequently became intoxicated, the defendants might prove that during the same time, he became intoxicated by liquors he purchased of other persons. It was there held that such evidence on the part of the defendant was proper, for the reason, says Judge Okey in his opinion, “that it would have been for the jury to say, whether the sales at other saloons had simply contributed to or increased the intoxication produced by liquors sold by the defendants below, in which case the evidence could not have aided them; or whether in fact, the liquors procured of persons other than the defendants caused independent intoxications, to which the defendants below did not con *47 tribute, in which case the evidence should have been considered in their favor.” This reasoning supports the liability of the defendants below in this case, upon the facts found, that they by their sales contributed to keep up the habitual intoxication of the plaintiff’s husband.

Judgment affirmed.